# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Mark Ge Zhang, Jeffrey Qing-He Zhang, Olympia Xiao Fei Dei, Nelson Zhang aka Nelson Cheung, and Does 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Yenifer Fernando Aguilar, Dilia Castro, Christopher Aguilar Castro, by and through his guardian ad litem Dilia Castro

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC-18-571353

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen Collier, Tenderloin Housing Clinic, Inc. 126 Hyde Street, San Francisco, CA 94102, 415-771-9850

DATE: DEC 20 2018    DEPUTY CLERK   Clerk, by _____, Deputy
*(Fecha)*           *(Secretario)*                 *(Adjunto)*
                                                    BOWMAN

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| | |
|---|---|
| 1  STEPHEN L. COLLIER, ESQ., SB #124887 | NO SUMMONS ISSUED |
| 2  TENDERLOIN HOUSING CLINIC, INC. | **FILED** |
|    126 Hyde Street, 2nd Floor | San Francisco County Superior Court |
| 3  San Francisco, CA 94102 | |
|    Telephone: (415) 771-9850 | OCT 05 2018 |
| 4  Facsimile: (415) 771-1287 | |
|    E-mail: steve@thclinic.org | CLERK OF THE COURT |
| 5  | BY: _____ |
| 6  Attorney for Plaintiffs | Deputy Clerk |
|    Yenifer Fernando Aguilar, Dilia Castro, | |
| 7  and Christopher Aguilar Castro | |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO — UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| YENIFER FERNANDO AGUILAR, DILIA CASTRO, CHRISTOPHER AGUILAR CASTRO, by and through his guardian ad litem DILIA CASTRO, | Case No. CGC-18-570353 |
| Plaintiffs, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (LANDLORD/TENANT)** |
| vs. | |
| MARK GE ZHANG, JEFFREY QING-HE ZHANG, OLYMPIA XIAO FEI DAI, NELSON ZHANG aka NELSON CHEUNG, and DOES 1-50, inclusive, | |
| Defendants. | |

    Plaintiffs Yenifer Fernando Aguilar, Dilia Castro, and Christopher Aguilar Castro, by and through his guardian ad litem, Dilia Castro, hereby allege as follows:

    1.    Plaintiffs are residents of San Francisco, California. Plaintiffs Yenifer Fernando Aguilar and Dilia Castro are the parents of plaintiff Christopher Aguilar Castro, who is two years old. Plaintiff Dilia Castro brings this action on her own behalf and as guardian ad litem for Christopher Aguilar Castro.

{00059653;1}    1

2. Commencing in August 2012 through the present, plaintiffs Yenifer Fernando Aguilar and Dilia Castro rented as a residence for them and their newborn daughter, Iliana, the apartment located at 1439 South Van Ness Avenue, Unit A, San Francisco, California (hereinafter the "subject premises" or "premises"). Plaintiff Christopher Aguilar Castro was born in 2016 and has resided in the subject premises continuously since birth. The premises are part of a multi-unit apartment building. The building is defined as "target housing" pursuant to 15 U.S.C. § 2681(17) because it was constructed prior to 1978. The premises and the building contained lead-based paint at all times relevant herein.

3. Defendants Mark Ge Zhang, Jeffrey Qing-He Zhang, and Olympia Xiao Fei Dai ("Owner Defendants") are individuals doing business in San Francisco, California, and were the owners of the subject premises at all relevant times herein. Defendant Nelson Zhang, aka Nelson Cheung, is and has been the property manager for Owner Defendants at all relevant times herein.

4. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive, and therefore sue these defendants by such fictitious names under the provisions of the California Code of Civil Procedure section 474. Plaintiffs will seek leave to amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged herein, and that each plaintiff's damages as herein alleged were proximately caused by such occurrences.

5. At all times mentioned herein, each of the defendants was the agent of the other defendants and was acting within the course and scope of that agency in undertaking the acts alleged in this Complaint.

6. Plaintiffs are informed and believe and thereupon allege that in or about August 2012, plaintiffs Yenifer Fernando Aguilar and Dilia Castro entered into an oral rental agreement with defendants' predecessor-in-interest to rent the subject premises on a month-to-month basis commencing in August 2012. Defendants became plaintiffs' landlord once they became owners of the building and accepted plaintiffs' rent payments. Plaintiffs' current

contract rent is $500.00 per month. Plaintiffs' tenancy includes all utilities, a parking space, storage in the garage, use of the back yard, and use of the washer/dryer in the garage.

7. From prior to October 1, 2017 to the present, the lead based paint at the premises was peeling, cracked, disintegrated and severely deteriorated. As a result, lead-based paint chips and dust existed in the interior of the premises and exterior common areas of the premises. Defendants conducted improper paint removal and repair work that further spread the deteriorated paint and lead-based paint dust throughout the premises. Defendants did not follow standard or required lead abatement, remediation, containment or cleaning procedures as required by the Environmental Protection Agency (EPA) pamphlet *Renovate Right: Important Lead Hazard Information for Families, Child Care Providers and Schools.* The disturbance of lead-based paint created lead hazards in the premises in excess of those permitted by local, state and federal law. Pursuant to 40 C.F.R. § 745.85, defendants were also required to provide this Lead Hazard Information pamphlet to plaintiffs prior to disturbing lead-based paint at the premises. They did not provide this pamphlet to plaintiffs.

8. On or about November 15, 2017, Karen Yu, a San Francisco Department of Public Health Environmental Health Inspector inspected the building containing the subject premises ("subject building") for the presence of lead hazards.

9. On November 29, 2017, Inspector Yu issued a Notice of Violation ("November 29, 2017 DPH NOV") for the subject building, indicating, among other things, that lead hazards were found on the premises. Inspector Yu found lead-based paint dust and lead in the soil on parts of the premises in amounts greater than those permitted by the San Francisco Health Code § 1603(t). The Notice of Violation required that defendants immediately eliminate the lead-contaminated dust on the living room floor, and to eliminate other cited lead hazards at the premises by January 2, 2018. The Notice of Violation also required defendants to hire a lead-certified contractor to eliminate the lead-based paint hazards on the premises, or submit proof from a California Department of Health Services Certified Lead Inspector/Assessor that any deteriorated or worn paint in these areas did not contain lead. Such lead-based paint hazards included but were not limited to deteriorated paint on the exterior of the building.

10. The November 29, 2017 DPH NOV also required that after a lead-certified contractor eliminates the lead hazards at the premises, and that defendants hire a California Certified Lead Inspector/Risk Assessor to conduct a clearance inspection. The Notice of Violation required the clearance inspector to produce a report by January 2, 2018 indicating that the lead hazards listed were corrected. The Notice also required that defendants clean all the plaintiffs' personal property including furniture to ensure the lead was removed. Defendants did not comply with the DPH NOV in full within the time frame required.

11. On or about July 10, 2018, San Francisco Department of Public Health Environmental Health Inspector Karen Yu again inspected the subject building for the presence of lead hazards.

12. On July 20, 2018, Inspector Yu issued a second Notice of Violation ("July 20, 2018 DPH NOV") for the subject building, indicating that lead hazards were found on the premises. Inspector Yu found lead-contaminated dust and lead in the soil on parts of the premises in amounts greater than those permitted by the San Francisco Health Code § 1603(t). The Notice of Violation required that defendants eliminate the lead-contaminated dust on the exterior window sill and on the concrete area in the back yard, and to eliminate lead-based paint hazards at the premises by August 21, 2018. The Notice of Violation also required defendants to hire a lead-certified contractor to eliminate the lead-based paint hazards on the premises, or submit proof from a California Department of Health Services Certified Lead Inspector/Assessor that any deteriorated or worn paint in these areas did not contain lead. Such lead-based paint hazards included but were not limited to deteriorated paint on the exterior of the building.

13. The July 20, 2018 DPH NOV also required that after a lead-certified contractor eliminates the lead hazards at the premises, and that defendants hire a California Certified Lead Inspector/Risk Assessor to conduct a clearance inspection. The Notice of Violation required the clearance inspector to produce a report by August 21, 2018 indicating that the lead hazards listed were corrected. Defendants did not comply with the July 20, 2018 DPH NOV in full within the time frame required.

14. On July 18, 2018, San Francisco Department of Building Inspection Inspector Luis Baharona inspected the subject building. On July 24, 2018, Inspector Baharona issued a Notice of Violation ("July 24, 2018 DBI NOV") citing the Owner Defendants for deteriorated siding and peeling paint on the exterior of the building, among other violations. The July 24, 2018 DBI NOV required that the Owner Defendants remove the damaged paint in a manner consistent with Section 327, et seq. of the San Francisco Building Code.

15. The July 24, 2018 DBI NOV required that the cited violations be corrected by August 23, 2018. Plaintiffs are informed and believe, and on that basis allege, that the July 24, 2018 DBI NOV was not corrected by August 23, 2018.

16. As a direct and proximate result of Defendants' conduct, Plaintiff Christopher Aguilar Castro suffered physical injury, including but not limited to dangerously high blood lead levels in Plaintiff Christopher Aguilar Castro's blood, as high as 10 micrograms per decilitre ($\mu$g/dl).

17. In addition to the lead hazards at the premises, the following defective conditions have exited, and continue to exist at the premises at all relevant times herein:

(a) deteriorated and collapsing kitchen cabinet with dry rot;

(b) toilet leaking from the base;

(c) lack of lighting in the entryway to the premises and back yard;

(d) rodent infestation;

(e) mold in the closet;

(f) entry gate does not close easily;

(g) sinking bathroom flooring.

## FIRST CAUSE OF ACTION

(Breach of the Covenant of Quiet Enjoyment)

18. Plaintiffs reallege and incorporate against the Owner Defendants the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19. At all relevant times herein, defendants caused defective living conditions to exist at the subject premises. These defective conditions included, but were not limited to, lead hazards resulting from peeling paint and lead-related construction in the premises, and the conditions listed in paragraph 17 above.

20. The defective conditions stated above constitute violations of state and local housing laws and pose severe health and safety hazards. The defective conditions materially affected plaintiffs' living conditions. The Department of Public Health and the Department of Building Inspection cited the defendants for these unsafe conditions and violations of state and local law described above. Defendants caused these conditions, failed to prevent the creation of lead hazards, and failed to properly contain lead hazards.

21. Defendants knew or should have known that their failure to address peeling paint and conducting lead-related construction at the premises would result in the creation of lead hazards. Nevertheless, defendants failed to take the steps necessary to prevent or contain said conditions at all times relevant herein.

22. Plaintiffs did nothing to cause, create or contribute to the existence of the defective conditions stated above.

23. As a direct and proximate result of defendants' actions and omissions, the premises were rendered untenantable and unsafe to reside there. Defendants breached the covenant of quiet enjoyment, Civil Code § 1927. As a direct and proximate result of defendants' actions and omissions, plaintiffs also suffered damages, including but not limited to physical injury, illness, increased blood lead levels in plaintiff Christopher Aguilar Castro, past and future medical expenses, pain, anxiety, annoyance, inconvenience, distress, economic loss, loss of use and property damage, all to their detriment in amounts to be determined at trial.

24. The conduct of defendants alleged above was deliberate, wilful and malicious. Defendants acted, or failed to act, deliberately and in conscious disregard of the rights and safety of plaintiffs. Defendants' conduct was despicable. By reason thereof, plaintiffs are entitled to punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

(Violation of the San Francisco
Administrative Code, Chapter 37, Section 37.9)

25. Plaintiffs reallege and incorporate by reference against all defendants the allegations of paragraphs 1 through 24 of this complaint as though fully set forth herein.

26. At all relevant times herein, the subject premises and plaintiffs' tenancy therein were subject to the San Francisco Residential Rent Stabilization and Arbitration Ordinance, Ch. 37 of the San Francisco Administrative Code, enacted June 13, 1979 and thereafter amended (hereinafter the "Rent Ordinance"). Under the Rent Ordinance, defendants are defined as "landlords."

27. Defendants have engaged in a course of conduct with the intention of, or in reckless disregard of the likelihood of, forcing plaintiffs from their home. This course of conduct included but was not limited to failing to abate dangerous peeling lead paint, and conducting dangerous lead-related construction without following the required lead abatement, remediation, containment or cleaning procedures, failing to abate all lead hazards at the premises, failing to correct substandard conditions and eliminate the rodent infestation at the premises, and tenant harassment alleged in the Seventh Cause of Action below.

28. By the conduct alleged above, defendants wrongfully endeavored to recover possession of the premises in violation of Section 37.9 of the Rent Ordinance.

29. As a direct and proximate result of defendants' conduct, plaintiffs have suffered actual and special damages, including but not limited to physical injury, illness, increased blood lead levels in plaintiff Christopher Aguilar Castro, past and future medical expenses, pain, discomfort, annoyance, inconvenience, economic loss, loss of use, property damage and mental anguish, all to their detriment in amounts to be determined at trial. Pursuant to Section 37.9(f), plaintiffs are entitled to recover money damages of not less than three times actual damages plus reasonable attorneys' fees and costs.

30. The conduct of defendants alleged above was oppressive, fraudulent, malicious, and in conscious disregard of plaintiffs' rights under the Rent Ordinance. Defendants acted, or

{00059653;1}                                                7
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (LANDLORD/TENANT)

failed to act, deliberately and in conscious disregard of the rights and safety of plaintiffs. Defendants' conduct was despicable. Plaintiffs are therefore entitled to punitive damages against defendants in amounts to be determined at trial.

### THIRD CAUSE OF ACTION

(Breach of the Warranty of Habitability)

31. Plaintiffs reallege and incorporate against the Owner Defendants the allegations contained in paragraphs 1 through 30 as though fully set forth herein.

32. The defective conditions stated above constitute violations of state and local housing laws and pose severe health, safety and fire hazards. The defective conditions materially affect plaintiffs' living conditions. Defendants failed to abate all of these violations in a timely manner, or at all.

33. Plaintiffs provided defendants with notice of each of the defective conditions described above. Despite such notice, defendants failed to take the steps necessary to repair said conditions,

34. Plaintiffs did nothing to cause, create or contribute to the existence of the defective conditions stated above.

35. By defendants' conduct and omissions alleged above, defendants breached a duty imposed on all residential landlords by state and local law. In failing to repair the defective conditions detailed above, defendants breached the warranty of habitability and acted unreasonably.

36. As a direct and proximate result of defendants' breach, plaintiffs suffered damage, including but not limited to pain, discomfort, anxiety, annoyance, inconvenience, distress, economic loss, medical expenses, physical illness, increased blood lead levels in plaintiff Christopher Aguilar Castro, loss of use and property damage all to their detriment in amounts to be determined at trial.

37. The conduct of defendants alleged above was deliberate, wilful and malicious. Defendants acted, or failed to act, deliberately and in conscious disregard of the rights and

safety of the plaintiffs. Defendants' conduct was despicable. By reason thereof, plaintiffs are entitled to punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

(Nuisance)

38. Plaintiffs reallege and incorporate against all defendants the allegations contained in paragraphs 1 through 37 as though fully set forth herein.

39. At all times relevant herein, the dangerous and defective conditions caused and maintained by defendants at the subject premises were injurious to the plaintiffs' health, offensive to their senses, and an obstruction to their use of the premises so as to constitute a nuisance which deprived plaintiffs of the safe, healthy and comfortable use and enjoyment of the premises.

40. Defendants were required by law to abate these nuisances, but failed to do so. As a direct and proximate result thereof, plaintiffs suffered damage, including but not limited to physical injury, illness, increased blood lead levels in plaintiff Christopher Aguilar Castro, medical expenses, pain, discomfort, annoyance, inconvenience, anxiety, property damage, economic loss, loss of use and mental anguish, all to their detriment, in an amount to be determined at trial.

41. The conduct of defendants alleged above was deliberate, wilful and malicious. Defendants acted, or failed to act, deliberately and in conscious disregard of the rights and safety of the plaintiffs. Defendants' conduct was despicable. By reason thereof, plaintiffs are entitled to punitive damages in an amount to be determined at trial.

42. Pursuant to Civil Code section 3479 and Code of Civil Procedure section 731, plaintiffs seek a Court order requiring defendants to abate all nuisances on the premises.

## FIFTH CAUSE OF ACTION

(Negligence)

43. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1-23, 26-29, 32-36, and 39 through 40, against all defendants as though fully set forth herein.

{00059653;1}                                    9
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (LANDLORD/TENANT)

44.    By reason of the landlord-tenant relationship between the Owner Defendants and Yenifer Fernando Aguilar and Dilia Castro, defendants owed plaintiffs the duty to exercise reasonable care in the ownership, management and control of their real property. The duty to exercise reasonable care included, but was not limited to, the following duties: the duty to refrain from interfering with plaintiffs' full use and quiet enjoyment of the premises; the duty to comply with all applicable federal, state and local laws governing plaintiffs' rights as tenants, the duty to maintain plaintiffs' premises in accordance with federal, state and local building, housing, health and safety codes, and the duty to warn plaintiffs of unsafe and dangerous conditions on the premises, such as lead hazards.

45.    All defendants were under a duty to act reasonably to avoid foreseeable harm to plaintiffs, to avoid violating federal, state and local law in conducting maintenance, repairs, and lead-related construction work at the subject premises, to warn plaintiffs of potential lead hazards from lead-related construction work at the premises, and to act with reasonable care and caution in conducting lead remediation work. By disturbing lead paint and releasing lead based paint and dust throughout the premises, defendants acted unreasonably and created lead hazards in violation of Cal. Health and Safety Code § 105255.

46.    By the conduct alleged herein, defendants negligently and carelessly maintained, repaired, operated and managed the subject premises, and violated the standard of care as set forth above.

47.    As a direct and proximate result of these breaches of duty by defendants, plaintiffs suffered and continue to suffer damage, including but not limited to physical injury, illness, increased blood lead levels in plaintiffs, medical expenses, pain, anxiety, discomfort, annoyance, inconvenience, economic loss, loss of use, property damage, and mental anguish, all to their detriment and in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

(Violation of 42 U.S.C. § 4852d)

48.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 47 against the Owner Defendants as though fully set forth herein.

49. Pursuant to 42 U.S.C. § 4852d, 24 C.F.R. § 35.88, 40 C.F.R. § 745.107, and San Francisco Health Code § 1616, defendants were required to disclose to plaintiffs all known lead hazards at the premises, provide lead hazard warnings, and provide plaintiffs a copy of the pamphlet *Renovate Right: Important Lead Hazard Information for Families, Child Care Providers and Schools*. Defendants did not disclose known lead hazards, provide warnings or provide the pamphlet to plaintiffs at any time. Pursuant to 40 C.F.R. § 745.85, defendants were also required to provide a Lead Hazard Information Pamphlet to plaintiffs prior to disturbing lead-based paint. They did not do so.

50. By failing to provide such disclosures and pamphlets to the plaintiffs, defendants violated 24 C.F.R. § 35.88(a)(1), 40 C.F.R. § 745.107 and 42 U.S.C. § 4852d. Such violations were knowing violations.

51. As a direct and proximate result of defendants' violations, plaintiffs were damaged as alleged above in an amount to be proven at trial. Pursuant to 42 U.S.C. § 4852d(b)(3), 40 C.F.R. § 745.118(c) and 24 C.F.R. § 35.96(c), plaintiffs are entitled to trebled damages. Pursuant to 42 U.S.C. § 4852d(b)(4), 40 C.F.R. § 745.118(d), and 24 C.F.R. § 35.96(d), plaintiffs are entitled to reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

(Harassment – Violation of San Francisco Rent Ordinance § 37.10B)

52. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 51 against all defendants as though fully set forth herein.

53. Defendants have engaged in the conduct described below in bad faith, and in knowing violation and in reckless disregard of San Francisco Rent Ordinance § 37.10B.

(1) Interrupted and failed to provide housing services required by Plaintiffs' rental agreement and by State and local housing, health and safety laws, including but not limited to denying Plaintiffs the use of their parking space;

(2) Failed to perform repairs and maintenance required by Plaintiffs' rental agreement and by State and local housing, health and safety laws;

    (3) Failed to exercise due diligence in completing repairs and maintenance once undertaken, and failed to follow appropriate industry repair, containment and remediation protocols designed to minimize exposure to dust, lead, paint or other building materials with potentially harmful health impacts;

    (4) Abused the landlord's right of access into Plaintiffs' unit as that right as provided by law, by loud pounding on the door to the premises, demanding entry without providing proper or sufficient notice;

    (5) attempted to influence Plaintiffs to vacate their unit through intimidation or coercion, by threatening Plaintiffs with eviction and towing Plaintiffs' vehicle;

    (6) Interfered with Plaintiffs' right to quiet use and enjoyment of their unit, by denying Plaintiffs' right to park in the parking space;

    (7) Other repeated acts or omissions of such significance as to substantially interfere with or disturb the comfort, repose, peace or quiet of plaintiffs in their unit, and that are likely to cause, or are intended to cause plaintiffs to vacate their unit or to surrender or waive rights in relation to their occupancy.

  54. These actions of defendants were in bad faith, and done in knowing violation and in reckless disregard of San Francisco Rent Ordinance § 37.10B.

  55. As a direct and proximate result of defendants' conduct, Plaintiffs have suffered actual and special damages including but not limited to physical injury, illness, past and future medical expenses, pain, anxiety, discomfort, annoyance, inconvenience, emotional distress, economic loss, replacement housing expenses, loss of income, loss of use, storage expenses and property damage, all to their detriment in amounts to be determined at trial.

  56. Pursuant to San Francisco Rent Ordinance § 37.10B, Plaintiffs are entitled to three times their actual damages, injunctive relief, and reasonable attorneys' fees and costs.

  57. The aforementioned acts of defendants were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages in an amout to be determined by proof at trial.

58. Pursuant to Rent Ordinance § 37.10B, Plaintiffs seek a Court order enjoining Defendants from engaging in any harassment prohibited under § 37.10B.

### EIGHTH CAUSE OF ACTION

(Unfair Business Practices)

59. Plaintiffs reallege and incorporate by reference paragraphs 1 through 58 against all defendants as though fully set forth herein.

60. Plaintiffs bring this action under Business and Professions Code sections 17200 et seq. and 17500 et seq. as private persons affected by the acts described in this Complaint.

61. At all times relevant herein, defendants were duly authorized to conduct business under the laws of the State of California and of the City and County of San Francisco. In conducting said business, defendants were obligated to comply with the laws of the State of California and the City and County of San Francisco.

62. Plaintiffs allege that it is the regular practice of defendants to fail to properly maintain and repair their property, and to conduct lead related construction activity without proper notice, warnings, protective measures, containment or abatement, and to fail to properly maintain tenants' rental units and common areas, all in violation of the law. By reason of said acts, defendants have engaged in unfair business practices in violation of Business and Professions Code sections 17200 et seq.

63. As a direct and proximate result of said practices, plaintiffs have been and will be damaged. Plaintiffs have suffered and continue to suffer monetary loss and loss of property from defendants' conduct and omissions.

### NINTH CAUSE OF ACTION

(Negligent Hiring and Supervision)

64. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 63 of this Complaint against all defendants, as though fully set forth herein.

65. At all times relevant to this Complaint, defendants, and their employees or agents conducted lead-related construction in an unreasonably unsafe manner in violation of

federal, state and local laws, guidelines and regulations, and not in keeping with the standard of care for lead-related construction. Defendants owed plaintiffs a duty to exercise reasonable care in the management and control of their real property. The duty to exercise reasonable care included, but was not limited to, the following duties: The duty hire, train, instruct and supervise employees and contractors so that they do repairs and renovations with due care to avoid creating unsafe lead hazards.

66. By the conduct alleged herein, defendants negligently and carelessly hired, trained, and supervised their agents. Defendants violated the standard of care set forth above.

67. As a direct and proximate result of defendants' conduct, plaintiffs suffered actual and special damages as described above.

## TENTH CAUSE OF ACTION

(Excessive Rent Charges)

68. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 67 against all defendants, as though fully set forth herein.

69. The defective conditions described above constitute a substantial decrease in housing services.

70. Defendants have had actual and constructive notice of these decreases in housing services, but have not granted plaintiffs a corresponding reduction in rent.

71. By failing to reduce plaintiffs' rent to compensate for these decreases in housing services, defendants charged rent, which exceed the limitations set forth in the Rent Ordinance. Rent Ordinance section 37.11A provides that excessive rent charges in violation of the Rent Ordinance entitle tenants to initiate a civil proceeding for money damages, costs and attorney's fees.

72. As a direct and proximate result of defendants' violations of the Rent Ordinance, plaintiffs have paid excessive rents in amount to be proven at trial.

## ELEVENTH CAUSE OF ACTION

(Collection of Rent for Untenantable Dwelling - Civil Code § 1942.4)
(against Owner Defendants)

73. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 72 of this Complaint against the owner defendants, as though fully set forth herein.

74. At all times relevant herein, the subject premises contained residential units described in Health and Safety Code section 17920.3. It substantially lacked the affirmative standard characteristics listed in Civil Code § 1941.1(a), including but not limited to those listed in subparagraph (1) effective waterproofing and weather protection of roof and exterior walls, and Health and Safety Code section 17920.3(g)(3) defective or lack of weather protection for exterior wall coverings, including lack of paint, or weathering due to lack of paint or other approved protective covering.

75. Inspectors from the San Francisco Department of Building Inspection and San Francisco Department of Public Health, who are public officers or officials responsible for enforcing state and local housing laws, after inspection of the premises, notified defendants by written notices dated November 29, 2017, July 20, 2018, and July 24, 2018, of defendants' obligation to abate the nuisance or repair the substandard conditions described herein and more fully described in the notices.

76. The conditions have existed and have not been abated 35 days beyond the date of issuance of the notices described in the previous paragraph. On information and belief, plaintiffs allege that the delay in abating the notices is without good cause.

77. The conditions described above were not caused by an act or omission of plaintiffs in violation of Civil Code Sections 1929 or 1941.2.

78. Defendants continued to demand and collect rent despite the existence of the conditions described above, thereby violating Civil Code Section 1942.4. As a direct and proximate result thereof, plaintiffs have suffered and continued to suffer actual damages, including but not limited to discomfort, annoyance, inconvenience, anxiety, distress, economic

loss, loss of use, property damage, and mental anguish, all to their detriment in an amount to be determined at trial.

79. The conduct of defendants alleged above was deliberate, willful and malicious. Plaintiffs are therefore entitled to punitive damages in amounts to be determined at trial.

## TWELFTH CAUSE OF ACTION

(Retaliation – Civil Code § 1942.5 - Against All Defendants)

80. Plaintiffs re-allege and incorporate by reference herein each of the allegations set forth in all preceding paragraphs of this Complaint, to the extent relevant.

81. Plaintiffs engaged in protected activities by exercising their rights as tenants including, but not limited to, utilizing a parking space at the Subject Premises to which they were entitled to use as part of their tenancy, complaining about the substandard housing conditions in the Subject Premises to the San Francisco Department of Building Inspection and San Francisco Department of Public Health, and filing and prosecuting an earlier civil action against defendants.

82. Defendants retaliated against Plaintiffs for exercising their rights by harassing Plaintiffs in an attempt to cause them to vacate, threating Plaintiffs in an attempt to cause them to vacate, decreasing housing services to Plaintiffs, and harassing Plaintiffs as alleged herein.

83. As a direct and proximate result thereof, plaintiffs have suffered and continued to suffer actual damages, including but not limited to discomfort, annoyance, inconvenience, anxiety, distress, economic loss, loss of use, property damage, and mental anguish, all to their detriment in an amount to be determined at trial.

84. The conduct of defendants alleged above was deliberate, willful and malicious. Plaintiffs are therefore entitled to punitive damages in amounts to be determined at trial.

WHEREFORE, PLAINTIFFS PRAY FOR JUDGMENT AS FOLLOWS:

1. UNDER THE FIRST AND THIRD CAUSES OF ACTION:

    a. General and special damages in an amount to be determined at trial.

    b. Punitive damages in an amount to be determined at trial.

2. UNDER THE SECOND CAUSE OF ACTION:
   a. Not less than three times actual damages in an amount to be determined at trial.
   b. Punitive damages in an amount to be determined at trial.
   c. Reasonable attorneys' fees and costs.
3. UNDER THE FOURTH CAUSE OF ACTION:
   a. General and special damages in an amount to be determined at trial.
   b. Punitive damages in an amount to be determined at trial.
   c. An order directing defendants to abate all lead hazards, repair all substandard living conditions and abate all nuisances.
4. UNDER THE FIFTH AND NINTH CAUSES OF ACTION:
   a. General and special damages in an amount to be determined at trial.
5. UNDER THE SIXTH CAUSE OF ACTION:
   a. Three times actual damages in an amount to be determined at trial.
   b. Reasonable attorneys' fees.
6. UNDER THE SEVENTH CAUSE OF ACTION:
   a. Not less than three times actual damages in amounts to be proven at trial.
   b. A court order ordering Defendants to abate all lead hazards and repair defective conditions at the premises.
   c. Reasonable attorneys' fees.
7. UNDER THE EIGHTH CAUSE OF ACTION:
   a. An injunction prohibiting defendants from engaging in the unfair business practices alleged.
   b. Restitution of all money and property obtained by defendants as a result of their unfair business practices.
8. UNDER THE TENTH CAUSE OF ACTION:
   a. Actual damages in an amount to be determined at trial.
   b. Restitution of all money or property acquired by defendants as a result of illegal rent overcharges.

c.  Reasonable attorney's fees.

9. UNDER THE ELEVENTH CAUSE OF ACTION:

 a. General and special damages in amounts to be determined at trial.

 b. Statutory damages in the amount of not less than $100 nor more than $5,000 to each plaintiff for each violation of Civil Code § 1942.4, pursuant to Civil Code § 1942.4(b)(1).

 c. Reasonable attorney's fees and costs pursuant to Civil Code § 1942.4(b)(2).

 d. Punitive damages in amounts to be determined at trial.

10. UNDER THE TWELFTH CAUSE OF ACTION:

 a. Actual damages in amounts to be determined at trial.

 b. Statutory damages in the amount of not less than $100 nor more than $2,000 to each plaintiff for each violation of Civil Code § 1942.5, pursuant to Civil Code § 1942.5(h)(2).

 c. Reasonable attorney's fees and costs pursuant to Civil Code § 1942.5(i).

11. UNDER ALL CAUSES OF ACTION:

 a. Costs of suit.

 b. Any other relief that the court deems just.

 c. Plaintiffs Yenifer Fernando Aguilar and Dilia Castro waive any damages in this action that were settled in the San Francisco Superior Court action, *Aguilar and Castro v. Mark Ge Zhang, et al.*, Case No. CGC-17-558523, up to the date of settlement on May 24, 2018.

Dated: October 4, 2018

_____
Stephen L. Collier
Attorney for Plaintiffs